**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NOELIA DONAMARIA,<br>Individually and on behalf of<br>a Class,<br><br>PLAINTIFF, | ) | Civil Action No. |
| CHUHAK & TECSON, P.C.,<br>and the COVE III COMMUNITY<br>ASSOCIATION,<br><br>DEFENDANTS. | ) | |

## CLASS ACTION AND INDIVIDUAL COMPLAINT

Plaintiff, Noelia Donamaria, brings this action to secure redress from unlawful credit and collection practices engaged in by Defendant Chuhak & Tecson, P.C. and Cove III Community Association. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and common law fraud, both individually and on behalf of a class.

## VENUE AND JURISDICTION

1. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

2. Venue in this County is proper because Defendants conduct business in this District, and Defendants attempted to collect a debt from a consumer that resides in this District.

## PARTIES

3. Plaintiff Noelia Donamaria ("Plaintiff") is an individual and resident of the State of Illinois, and is a "consumer" as defined at 15 U.S.C § 1692a(3) of the FDCPA.

4. Defendant Chuhak & Tecson, P.C., ("Chuhak") is a debt collection law firm engaged as a "debt collector" as defined by and within the meaning of 15 U.S.C. § 1692a(6) the FDCPA, and is engaged in the business of collecting debts in this State where Chuhak regularly

collects or attempts to collect defaulted consumer debts owed or due or asserted to be owed or due another.

5. Chuhak maintains and/or owns a website: www.chuhak.com.

6. Chuhak's website provides in part as follows:



Overview

CHUHAK TECSON

OUR PEOPLE

ABOUT OUR FOCUS PRACTICES NEWSROOM CAREERS

OVERVIEW SERVICES PEOPLE RELATED NEWS RELATED PRACTICES

READ MORE

Condominium & Common Interest Community Association

AMENDMENTS TO DECLARATIONS, BYLAWS AND RULES

COLLECTION OF DELINQUENT ASSESSMENTS

**Assuring efficiency, responsiveness and sensitivity in collection matters**. Collection of assessments is a serious issue facing associations in today's economy. The ability of a board to collect delinquent assessments directly affects its ability to conduct operations and protect the value of all units within an association. Our Condo & Homeowners Association Group maintains an effective collection system developed from years of experience. In addition, our attorneys have extensive knowledge of foreclosures, bankruptcies, forcible entry and detainer (eviction) lawsuits to assist in the collection of delinquent assessments.

CONTRACTS, LICENSE AND EASEMENT AGREEMENTS

Chuhak Website, https://www.chuhak.com/practice/condo-common-interest-comm-assoc/, Accessed 15 November, 2025.

7. Chuhak is authorized to conduct business in Illinois, and maintains an office and authorized registered agent therein.

8. Chuhak has filed over 100 lawsuits in Cook County, Illinois within the last year to collect defaulted or past-due condominium assessments from consumers.

9. Chuhak has mailed over 500 Notices of Debt to individuals in Illinois within the last year, as the term "Notice of Debt" is defined and understood under 15 U.S.C. § 1692g of the FDCPA.

10. The Cove III Community Association is the entity which governs the Residence.

## FACTS AND LAW

11. Plaintiff is the owner of a town home located at 3840 Monterey Circle, Algonquin, Illinois 60102 (the "Residence"), which is part of the Cove III Community Association ("Association").

12. Plaintiff resided at this address.

13. Plaintiff incurred an alleged debt, in connection with her use of the Residence, to the Association for past due monthly assessments, late fees, legal fees, and interest and other charges and amounts stated to be owed in relation to the Residence.

14. Plaintiff's debt was incurred for personal, family or household purposes (hereinafter "alleged debt") and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

15. Plaintiff's alleged debt was declared to be in default.

16. Plaintiff did not owe the alleged debt, however.

17. The alleged debt included some past due monthly assessments, and a number of attorney fees, charges and other amounts that are disputed by Plaintiff as they were not authorized by any agreement, or allowed to be imposed by law.

18. Sometime thereafter, the Association hired Chuhak to collect the alleged debt from Plaintiff.

19. On or around March 10, 2025, Chuhak caused to be mailed to Plaintiff, and in connection with the alleged debt, a document titled "NOTICE". (Exhibit A, NOTICE).

20. Plaintiff received and read the "NOTICE".

21. The NOTICE states in part as follows:

THIS NOTICE TO YOU IS AN ATTEMPT TO COLLECT A DEBT UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

22. The NOTICE was Chuhak's first communication with Plaintiff in connection with the collection of the alleged debt.

23. The NOTICE is based on a template used by Chuhak.

24. The NOTICE is a form letter.

25. The NOTICE contained a "Notice of Debt" as that term is understood under section 1692g of the FDCPA.

26. Section 1692g of the FDCPA contains the requirements for the content of the type of Notice provided to Plaintiff, which is mandated by Federal Law, and provides as follows:

**§ 1692g. Validation of debts.**

**(a)NOTICE OF DEBT; CONTENTS**

**Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—**

**(1) the amount of the debt;**
**(2) the name of the creditor to whom the debt is owed;**
**(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**
**(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
**(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

27. Section 1692g requires that a debt collector provide a validation notice either with, or within five (5) days of, the initial communication from the debt collector to the consumer. This notice is intended to advise the consumer as to certain federal rights in connection with a procedure under which a consumer may dispute a debt, require verification of a debt, or obtain certain information about the original creditor within thirty (30) days after receipt of the notice from a debt collector.

28. Under the FDCPA this validation notice must be effectively communicated, and may not be overshadowed, confounded, or eviscerated by other language or words as seen from the perspective of the unsophisticated consumer. (*Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 518–19 (7th Cir.1997)).

29. The NOTICE purports to communicate information about various debts.

30. The NOTICE was mailed as an attempt to comply with the requirements of Section 1692g of the FDCPA.

31. The NOTICE communicates said information in a confusing, misleading, deceptive, and unfair manner, and in fact contains information that overshadows Plaintiff's right to dispute the alleged debt.

32. The NOTICE states:

Dear Noelia Donamaria f/k/a Noelia Zyskowski :

This is your notice that as of the date set forth above, there is due to the Board of Managers of Cove III Community Association the sum of $1,340.38 for your proportionate share of the expenses of administration, maintenance, and repair on the common elements and/or any outstanding fines and the costs, expenses and attorneys' fees claimed under the Declaration and/or rules and regulations for collection as itemized in Exhibit "A" attached hereto for the premises situated in 3840 Monterey Circle, Algonquin, IL 60102, County of McHenry, commonly known as:

3840 Monterey Circle, Algonquin, IL 60102

33. The NOTICE thus seeks to collect a $1,340.38 debt from Plaintiff for an alleged proportionate share of the expenses of administration, maintenance and repair on the common elements…".

34. The NOTICE further states:

Federal law gives you 30 days after you receive this notice to dispute the validity of the debt or any part of it. If you do not dispute it within that period, we will assume that it is valid. If you do dispute it - by notifying us in writing to that effect - we will, as required by law, obtain and mail to you proof of the debt. Further, if, within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor, we will furnish you with that information too. The law does not require us to wait until the end of the thirty-day period before filing the Forcible Entry and Detainer lawsuit to obtain possession and a monetary judgment for this debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this demand, the law requires us to suspend our efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you. As provided in your Declaration, all legal fees and costs incurred by the association to collect your debt will be added to your account along with additional assessments after the date of this Notice.

35. The NOTICE thus expressly provides that "The law does not require us to wait until the end of the thirty-day period before filing the Forcible Entry and Detainer lawsuit to obtain possession and a monetary judgment for this debt."

36. The NOTICE thus communicates that the applicable law allows Chuhak to sue Plaintiff at any time after the mailing of the NOTICE, which occurred on or around March 10, 2025.

37. The NOTICE goes on to state:

> This is your Notice that payment in full of the amount stated above is demanded of you, and that unless payment of the full amount is received on or before the expiration of thirty-one (31) days after the date of this notice and, as explained above, we have mailed any required debt verification information, Cove III Community Association will be entitled to file a lawsuit against you under the Illinois Forcible Entry and Detainer Act, which lawsuit may result in your right to possession of the premises being suspended and entry of a money judgment. You must pay the full amount demanded that you owe and only **a cashier's check, certified check or money order payable to Cove III Community Association, will be accepted.** Your first payment is to be mailed to our office, Chuhak & Tecson, P.C., Attn: Condo Practice Group, 120 S. Riverside Plaza, Suite 1700, Chicago, Illinois 60606, (312) 201-3449. Only full payment of all amounts demanded in this notice will invalidate the demand, unless Cove III Community Association or its agent and attorney, Chuhak & Tecson, P.C., agree in writing to withdraw the demand in exchange for receiving partial payment. Payment to or through any other than Chuhak & Tecson, P.C., or payment of less than the full amount due and owing, is not permitted and will not terminate this action or the suit to terminate your possession of the unit identified above.

38. The NOTICE thus states that "unless payment in full of the full amount is received on or before the expiration of thirty-one (31) days after the date of this notice…Cove III Community Association will be entitled to file a lawsuit against you under the Illinois Forcible Entry and Detainer Act…".

39. The NOTICE thus communicates that Chuhak will only be entitled to file a lawsuit to collect the alleged debt and/or for possession, under the Illinois Forcible Entry and Detainer Act, after 31 days from the date of the NOTICE.

40. Thirty-one days after March 10, 2025 is Thursday, April 10, 2025.

41. The NOTICE dated March 10, 2025—communicating that Chuhak may sue Plaintiff only after April 10, 2025 **but also** communicating that Chuhak could sue Plaintiff immediately to collect the alleged debt—inherently conflicts and would not inform an unsophisticated consumer as to the deadline by which payment would have to be made in order to avoid a lawsuit.

42. The NOTICE dated March 10, 2025 falsely communicated that Chuhak would not have to wait until the end of the 30-day period before suing Plaintiff to collect the alleged debt.

43. The NOTICE AND DEMAND dated March 10, 2025—communicating that

Defendant may sue Plaintiff only after April 10, 2025, but also communicating that Defendant could sue Plaintiff immediately to collect the alleged debt—inherently conflicts and would not inform an unsophisticated consumer as to the deadline by which payment would have to be made in order to avoid a lawsuit.

44. The fact that two different deadlines are presented, by which Plaintiff can be sued, renders the NOTICE confusing on its face.

45. Moreover, the statement that "The law does not require us to wait until the end of the thirty-day period before filing the Forcible Entry and Detainer lawsuit to obtain possession and a monetary judgment for this debt." is false

46. Section § 9-104.1 of the Forcible Act provides:

> § 9-104.1. Demand; Notice; Return; Condominium and Contract Purchasers.
>
> **In case there is a contract for the purchase of such lands or tenements or in case of condominium property, the demand shall give the purchaser under such contract, or to the condominium unit owner, as the case may be, at least 30 days to satisfy the terms of the demand before an action is filed.**

47. The NOTICE also constituted a "Demand" and "Notice" under the Forcible Act, Section § 9-104.1.

48. The Forcible Act thus requires that Condominium Associations give 30 days or more to owners to satisfy a demand made on an owner before an action is filed.

49. The Forcible Act does not allow the filing of a lawsuit for past-due assessments to be prior to thirty days after a demand is sent; it expressly forbids it.

50. By stating in the NOTICE, Exhibit A, that the law did not require Chuhak to wait until the end of the thirty-day period before filing a "Forcible Entry and Detainer lawsuit to obtain possession and a monetary judgment", Chuhak misrepresented Plaintiff's legal rights regarding the alleged debt and communicated materially false information about the date upon

which Plaintiff could be sued.

51. The Notice of Debt required by the FDCPA must be presented in a nonconfusing manner. *Sims v. GC Servs*., 445 F.3d 959, 963 (7th Cir. 2006) (citing *Bartlett*, 128 F.3d at 500). A debt collector must present the notice "clearly enough that the recipient is likely to understand it." See *Chuway v. Nat'l Action Fin. Servs*., 362 F.3d 944, 948 (7th Cir. 2004).

52. The Notice of Debt mailed by Chuhak was not presented in a nonconfusing manner.

53. The standard for whether the Notice of Debt mailed by Chuhak violates the FDCPA is whether someone of modest education and limited commercial savvy—an "unsophisticated consumer"—would likely be deceived by the letter. *O'Boyle v. Real Time Resolutions, Inc*., 910 F.3d 338, 344 (7th Cir. 2018).

54. An unsophisticated consumer would likely by deceived by the NOTICE sent by Chuhak to Plaintiff.

55. An unsophisticated consumer would not know that Illinois law requires Defendant to wait at least 30 days after the mailing of a Notice and Demand before suing Plaintiff to collect the alleged debt.

56. An unsophisticated consumer does not understand legal terms or relevant legal precedent. *Lox v. CDA, Ltd*., 689 F.3d 818 (7th Cir. 2012). (stating "While it is true that the unsophisticated consumer has a rudimentary knowledge about the financial world, courts do not presume that the same consumer has knowledge of relevant legal precedent. An unsophisticated consumer cannot be expected to know the legal meanings of terms.")

57. An unsophisticated consumer would understand the statement that "The law does not require us to wait until the end of the thirty-day period before filing the Forcible Entry and

Detainer lawsuit to obtain possession and a monetary judgment for this debt." as meaning that she could be sued immediately, since the plain meaning of the sentence communicates that very message.

58. The statement that "The law does not require us to wait until the end of the thirty-day period before filing the Forcible Entry and Detainer lawsuit to obtain possession and a monetary judgment for this debt." is expressly false, since the Forcible Entry and Detainer Act expressly requires a 30-day wait before a lawsuit can be filed to collect an assessment debt or file an eviction.

59. The statement that "The law does not require us to wait until the end of the thirty-day period before filing the Forcible Entry and Detainer lawsuit to obtain possession and a monetary judgment for this debt." is false, misleading, confusing, deceptive, and unfair, as Illinois law (specifically, the Forcible Act) does require Chuhak to wait at least 30 days to satisfy the terms of a demand before an action is filed, and the statement conflicts with the statement, also contained in the NOTICE, that Chuhak would be entitled to file a lawsuit only if payment wasn't received within 31 days of the date of the NOTICE.

60. Plaintiff believed that she could be sued immediately after reading the content of the NOTICE, and made a payment in reliance on the truth of that statement.

61. The NOTICE was intended to induce a sense of urgency into Plaintiff to resolve the alleged debt, to make her believe that she could be sued at a date much earlier than the law allows.

62. Plaintiff received the NOTICE less than 30 days before the payment for the alleged debt was stated to be due.

63. The NOTICE is thus confusing for the further reason that it demands payment

prior to the end of the 30 day validation period afforded by the FDCPA, which overshadows Plaintiff's rights under section 1692g of the FDCPA.

64. "An unexplained demand for payment within the thirty-day validation period creates confusion by contradicting, and thus rendering ineffective, the validation notice." *Olson v. Risk Mgmt. Alts., Inc*., 366 F.3d 509, 512 (7th Cir. 2004); *Chuhak & Tecson, P.C.*, No. 13 C 5625, 2014 U.S. Dist. LEXIS 52441, at *9 (N.D. Ill. Apr. 16, 2014).

65. Section 1692e provides as follows:

**§ 1692e. False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

***

**(2) The false representation of—**
**(A) the character, amount, or legal status of any debt**
**(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.**

***

**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.**

***

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

66. Chuhak violated sections 1692e, e(2), e(5) and e(10) of the FDCPA by mailing Plaintiff a Notice of Debt in the form attached within Exhibit A, as the information contained in the Notice falsely, deceptively, and misleadingly communicated that Plaintiff could be sued on an earlier date than the law allows, and said action constituted a false threat that wasn't intended to be taken.

67. Section 1692f provides:

**§ 1692f. Unfair Practices**

> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.**

68. Chuhak violated section 1692f of the FDCPA by mailing Plaintiff a Notice of Debt in the form attached within Exhibit A, as the information contained in the Notice constituted unfair and unconscionable means to collect a debt, since Plaintiff could not be sued until at least 30 days had passed from the mailing of the NOTICE, though Chuhak misrepresented that she could be sued immediately.

69. The NOTICE also states, immediately after providing a "Notice of Debt", that "…**all legal fees and costs incurred by the association to collect your debt will be added to your account**…".

70. Chuhak thus communicated that Plaintiff's request to Chuhak for verification of the alleged debt, if made, would result in legal fees that would be added to Plaintiff's account.

71. Chuhak, however, as a debt collector, is not allowed to charge Plaintiff money for complying with its statutory duties under the FDCPA.

72. Chuhak violated sections 1692e, e(2), e(5) and e(10) of the FDCPA by seeking to collect money for time expended in complying with the FDCPA, as Chuhak cannot legally charge Plaintiff for providing verification of the alleged debt.

73. Chuhak violated sections 1692f and 1692f(1) of the FDCPA by seeking to collect money for time expended in complying with the FDCPA, as Chuhak cannot legally charge Plaintiff for providing verification of the alleged debt since any such charge would not be permitted by law or by the agreement creating the debt.

74. An unsophisticated consumer does not understand legal terms or relevant legal precedent. *Lox v. CDA, Ltd*., 689 F.3d 818 (7th Cir. 2012). (stating "While it is true that the unsophisticated consumer has a rudimentary knowledge about the financial world, courts do not presume that the same consumer has knowledge of relevant legal precedent. An unsophisticated consumer cannot be expected to know the legal meanings of terms.")

75. An unsophisticated consumer would thus not understand the interplay between Federal and State law as it pertains to section 1692g of the FDCPA and the provisions of the Forcible Act, or that Illinois law would bar the filing of a lawsuit less than 30 days before a consumer receives a Notice of Debt that also constitutes a Demand under the Forcible Act.

76. Chuhak did not intend to sue Plaintiff before the end of the 31-day period it referenced in the NOTICE.

77. In fact, Plaintiff was confused by the differing deadlines contained in the NOTICE.

78. Chuhak violated sections 1692e, e(2)(A), e(4), e(5), e(10), f, and g of the FDCPA by mailing Plaintiff a Notice of Debt in the form attached as Exhibit A, as the information contained in the Notice falsely, deceptively, and misleadingly communicated, and falsely threatened, that Plaintiff could be sued on a date earlier than that allowed by law and/or earlier than Chuhak intended, which also misrepresented its status.

79. As stated, Chuhak mailed the NOTICE on or around March 10, 2025.

80. At the time it mailed the NOTICE, however, it was aware that it would also be filing a lien on the Residence for the same amount sought in the NOTICE.

81. On March 10, 2025, an attorney employed by Chuhak prepared the "Claim for Lien" in connection with the Residence.

82. On March 11, 2025, the Claim of Lien was notarized by an employee of Chuhak, at Chuhak's direction.

83. On March 12, 2025, the Claim of Lien was recorded at the Cook County Recorder of Deeds Office, and thereafter mailed to Plaintiff.

84. On March 12, 2025, Chuhak also sent Plaintiff a Letter ("Lien Letter") along with the Claim of Lien. (Exhibit B, Lien Letter with enclosures).

85. The Lien Letter seeks payment of the amount sought in the NOTICE, and states as follows:

Re: Cove III Community Association
Property Address: 3840 Monterey Circle, Algonquin, IL 60102

Dear Noelia Donamaria f/k/a Noelia Zyskowski :

We represent Cove III Community Association and in accordance with its request, a Lien was recorded on March 12, 2025, against the property, for unpaid assessments owed to the Association. Enclosed for your records is a copy of the recorded Lien. Once the account has been brought current, a Release of Lien will be prepared and sent to you.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED SHALL BE USED FOR THAT PURPOSE.

Sincerely,

David J. Bloomberg

DJB/sf
Enclosure

86. The FDCPA, section 1692g, requires that a debt collector not demand payment within the thirty-day validation period without explaining how the demand fits together with a consumer's right to dispute a debt, as doing so would create confusion for the unsophisticated consumer. See *Olson v. Risk Mgmt. Alts., Inc*., 366 F.3d 509, 512 (7th Cir. 2004) ("An unexplained demand for payment within the thirty-day validation period creates confusion by

contradicting, and thus rendering ineffective, the validation notice."); *Vincent v. Chuhak & Tecson, P.C.*, 2014 U.S. Dist. LEXIS 52441, *9. (N.D.Il 2014).

87. Plaintiff received the Lien Letter within two days of receiving the NOTICE.

88. The Lien Letter, which was sent two days after the NOTICE which gave Plaintiff 30 days to dispute the alleged debt and request verification, implicitly requested payment within the 30-day validation period.

89. The Lien Letter would confuse an unsophisticated consumer, as an unsophisticated consumer would believe that communicating a dispute of the alleged debt would be futile since a lien had already been filed.

90. Requiring a payment that would eliminate the debt before the debtor can challenge the validity of that debt directly conflicts with the protections for debtors set forth in section 1692g.

91. The Lien Letter overshadowed Plaintiff's right to dispute the alleged debt, in violation of sections 1692e, 1692f, and 1692g of the FDCPA.

92. The Lien was improperly filed, as it was for an inflated and/or false amount of money.

93. Plaintiff was damaged by the filing of the inflated Lien, as she would have resolved the alleged debt for the accurate, lower amount had she been given accurate information, and if she were given an opportunity to request verification prior to the Lien being filed.

94. The NOTICE also seeks to collect an inflated claim.

95. Specifically, attached to the NOTICE is a ledger.

96. The ledger states that interest is being imposed at 12%.

97. Section 7.03 of the Cove III Community Declaration, which applies to the computation of the alleged debt at issue, provides as follows:

> 7.03 <u>NON-PAYMENT OF CHARGES</u>: Any Charge which is not paid to the Community Association when due shall be deemed delinquent. Any Charge which is delinquent for thirty (30) days or more shall bear interest at the rate of twelve percent (12%) per annum or the maximum rate permitted by law, whichever is less, from the due date to the date when paid. The Community Association may (i) bring an action against the Owner personally obligated to pay the Charge to recover the Charge (together with interest, costs and reasonable attorney's fees for any such action, which shall be added to the amount of the Charge and included in any judgment rendered in such action), and (ii) enforce and foreclose any lien which it has or which may exist for its benefit. In addition, the Board may add a reasonable late fee to any installment of an assessment which is not paid within thirty (30) days of its due date. No Owner may waive or otherwise escape personal liability for the Charges hereunder by nonuse of the Community Area or by abandonment or transfer of his Dwelling Unit or Unbuilt Dwelling Unit.

98. Interest is thus permitted at the rate of 12% <u>per annum</u>.

99. Defendants charged Plaintiff interest at the rate of 12% <u>per month</u>.

100. As a result, Plaintiff was charged substantially more in interest than she owed.

101. As a result, the Lien was filed against Plaintiff, for an amount that was greater than Plaintiff's indebtedness.

102. Plaintiff paid the alleged debt of $1,340.38, paying substantially more than she owed in interest, to Chuhak in order to remove said lien, which was an unlawful clouding of title of the Residence.

103. Defendants' misrepresentation was intentional, as each was aware of the content of the Declaration providing that only twelve percent "per annum" may be charged, but disregarded its terms to inflate the alleged debt.

104. Chuhak violated sections 1692e, 1692e(2), 1692e(5), e(10), and f, and g of the FDCPA by mailing Plaintiff a Notice which charged excessive interest, as the amount sought was not authorized by any agreement or the law, and was more than Plaintiff owed.

105. Plaintiff was confused and emotionally distressed by Chuhak's communications.

106. Chuhak intentionally sent the Notice in the form and content used in this matter.

107. Plaintiff suffered a financial injury due to Chuhak's misrepresentations.

108. Plaintiff's Residence was also encumbered as a result of Chuhak's actions, for an inflated claim.

109. Plaintiff thereafter, on July 15, 2025, sent an email to the Association, questioning the amount of interest that was sought and collected by Defendant.

110. On July 17, 2025, an agent or employee of the Association sent Plaintiff an email in response to her email dated July 15, 2025, stating in part as follows:

> Our bylaws state: "Any Charge which is not paid to the Community Association when due shall be deemed delinquent. Any Charge which is delinquent for thirty (30) days or more shall bear interest at the rate of twelve percent (12%) or the maximum rate permitted by law, whichever is less, from the due date to the date when paid."
> we use the 12% as it is the lower legal amount at this time.

111. The quoted excerpt of the "bylaws" provided by the Association is fabricated and altered, however, and is not an accurate representation of the applicable provision in the Declaration.

112. The applicable provision in the Declaration provides that interest "…at the rate of twelve percent (12%) per annum…" shall be applied.

113. The version provided by the agent or employee of the Association removed the words "per annum" from the provision, despite that the Association purported to quote the provision.

114. Said agent or employee of the Association removed the words "per annum" to justify its improper imposition of 12% monthly interest.

115. Said agent or employee of the Association's spurious reference to the "bylaws"

evidences that Defendants' act of collecting an inflated claim was intentional.

116. Plaintiff was damaged by Defendants' actions, as she paid money that was not owed as a result of Defendants' misrepresentations.

117. Chuhak's collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS RELEVANT TO CLASS CLAIMS

118. Plaintiff repeats and re-alleges the foregoing paragraphs.

119. The NOTICE attached within Exhibit A is a form document.

120. The NOTICE is based on a template.

121. The Class defined above likely consists of more than 40 persons from whom Defendant Chuhak attempted to collect a defaulted debt.

122. The proposed class meets all requirements under 735 ILCS 5/2-801 and Federal Rule of Civil Procedure 23.

123. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of each Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class.

124. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

125. The prosecution of separate actions by individual members of each Class would create a risk inconsistent or varying adjudications with respect to individual members of the Class and would, as a practical matter, either be dispositive of the interests of other members of

the Classes not party to the adjudication or substantially impair or impede their ability to protect their interests.

126. Plaintiff will fairly and adequately protect and represent the interests of the Class. The factual and legal issues raised by this class action complaint will not require extended contact with the members of each Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.

127. Plaintiff has retained counsel that has been approved as class counsel in previous FDCPA class actions.

**COUNT I—FDCPA—CLASS COUNT**

128. Plaintiff repeats and re-alleges the foregoing paragraphs.

129. Defendant Chuhak violated sections 1692e, 1692f, and 1692g, and various subsections thereof of the FDCPA by via the content and mailing of the NOTICE, overshadowing Plaintiff's right to dispute the alleged debt, by falsely communicating that Plaintiff can be sued prior to the date on which suit may legally be filed, by seeking payment prior to the deadline to request verification, and by communicating said date in a confusing, misleading unfair and deceptive manner.

130. Defendant Chuhak violated sections 1692e, e(2), e(5) and e(10) of the FDCPA by seeking to collect money for time expended in complying with the FDCPA, as Chuhak cannot legally charge Plaintiff for providing verification of the alleged debt.

131. Plaintiff brings this lawsuit on behalf of herself and all other persons 1) residing in the State of Illinois 2) from which Defendant Chuhak sought to collect a debt for overdue condominium assessments and/or related expenses 3) by serving a NOTICE in the form of the NOTICE contained in Exhibit A 4) where said NOTICE was mailed during the period of time

starting one year prior to the filing of this lawsuit, and ending on the date of filing of this lawsuit.

## COUNT II—FDCPA—INDIVIDUAL COUNT--CHUHAK

132. Plaintiff repeats and re-alleges the foregoing paragraphs.

133. Defendant violated various sections of 1692e, 1692f, and 1692g of the FDCPA by seeking to collect monies, including attorney fees, charges and costs, that are unreasonable and that were not owed by Plaintiff, including via the mailing of the NOTICE, the Lien letter and Lien. Defendant also violated sections of 1692e, 1692d and 1692f by filing a Lien for an inflated amount and encumbering Plaintiff's property thereby.

## COUNT III—COMMON LAW FRAUD—INDIVIDUAL COUNT—CHUHAK AND THE ASSOCIATION

134. Plaintiff repeats and re-alleges the foregoing paragraphs.

135. Chuhak made a misrepresentation of material fact on behalf of and at the request of the Association when it sent a Notice of Debt to Plaintiff that included interest charged at twelve percent per month, as opposed to twelve percent per annum.

136. Chuhak knew the misrepresentation to be false, as it was in possession of documentation that contained accurate information about the interest rate.

137. Plaintiff believed the representation to be true as it was from a law firm, and she relied on the representation and paid all of the money that was sought by Chuhak.

138. The representation was made for the purpose of inducing the Plaintiff to act and to pay the interest sought.

139. In the alternative, the representation was made for the purpose of inducing Plaintiff to not pay the alleged debt, so that Chuhak could continue to charge attorney fees and costs for collection of the inflated alleged debt.

140. The representation led to the Plaintiff's injury, as she paid money she did not owe to Chuhak, including interest and attorney fees and costs.

141. Plaintiff was thus financially damaged by Chuhak's misrepresentation when she paid the inflated and thus false amount of the alleged debt.

142. The Association and Chuhak knew, at all times relevant to this action, that Chuhak was seeking more interest than what was owed and/or allowed by the Declaration.

143. The Association ratified, approved, and/or directed Chuhak to charge more money, including costs fees and interest, than what was owed.

144. Plaintiff suffered loss of money due to Defendant's misrepresentations, as she paid money she did not owe based on the misrepresentations.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant, for the following:

A. Certification of the proposed class, designation of the Plaintiff as the class representative of the proposed class and designation of Plaintiff's counsel as class counsel;

B. Statutory damages pursuant to 15 U.S.C. §1692k to the named Plaintiff and Class;

C. Actual damages pursuant to 15 U.S.C. §1692k;

D. Actual and punitive damages under common law fraud;

E. Attorney fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and,

F. Such other relief as the Court deems proper.

Respectfully Submitted,

By: */s/ M. Kris Kasalo*
Mario Kris Kasalo

The Law Office of M. Kris Kasalo, Ltd.
4950 Madison St., P.O. Box 1425
Skokie, IL 60077
Tel 312-726-6160
Fax 312-698-5054
mario.kasalo@kasalolaw.com
Atty # 44017

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: */s/ M. Kris Kasalo*

**JURY DEMAND**

Plaintiff requests a trial by jury.

By: */s/ M. Kris Kasalo*

# EXHIBIT A

# NOTICE

DATE: March 10, 2025

TO: Noelia Donamaria f/k/a Noelia Zyskowski
1400 Cornerstone Place
Schaumburg, IL 60193

**Certified Article Number**
9314 7699 0430 0132 5165 37
**SENDER'S RECORD**

Dear Noelia Donamaria f/k/a Noelia Zyskowski :

This is your notice that as of the date set forth above, there is due to the Board of Managers of Cove III Community Association the sum of $1,340.38 for your proportionate share of the expenses of administration, maintenance, and repair on the common elements and/or any outstanding fines and the costs, expenses and attorneys' fees claimed under the Declaration and/or rules and regulations for collection as itemized in Exhibit "A" attached hereto for the premises situated in 3840 Monterey Circle, Algonquin, IL 60102, County of McHenry, commonly known as:

3840 Monterey Circle, Algonquin, IL 60102

Federal law gives you 30 days after you receive this notice to dispute the validity of the debt or any part of it. If you do not dispute it within that period, we will assume that it is valid. If you do dispute it - by notifying us in writing to that effect - we will, as required by law, obtain and mail to you proof of the debt. Further, if, within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor, we will furnish you with that information too. The law does not require us to wait until the end of the thirty-day period before filing the Forcible Entry and Detainer lawsuit to obtain possession and a monetary judgment for this debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this demand, the law requires us to suspend our efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you. As provided in your Declaration, all legal fees and costs incurred by the association to collect your debt will be added to your account along with additional assessments after the date of this Notice.

This is your Notice that payment in full of the amount stated above is demanded of you, and that unless payment of the full amount is received on or before the expiration of thirty-one (31) days after the date of this notice and, as explained above, we have mailed any required debt verification information, Cove III Community Association will be entitled to file a lawsuit against you under the Illinois Forcible Entry and Detainer Act, which lawsuit may result in your right to possession of the premises being suspended and entry of a money judgment. You must pay the full amount demanded that you owe and **only a cashier's check, certified check or money order payable to Cove III Community Association, will be accepted.** Your first payment is to be mailed to our office, Chuhak & Tecson, P.C., Attn: Condo Practice Group, 120 S. Riverside Plaza, Suite 1700, Chicago, Illinois 60606, (312) 201-3449. Only full payment of all amounts demanded in this notice will invalidate the demand, unless Cove III Community Association or its agent and attorney, Chuhak & Tecson, P.C., agree in writing to withdraw the demand in exchange for receiving partial payment. Payment to or through any other than Chuhak & Tecson, P.C., or payment of less than the full amount due and owing, is not permitted and will not terminate this action or the suit to terminate your possession of the unit identified above.

**THIS NOTICE TO YOU IS AN ATTEMPT TO COLLECT A DEBT UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Board of Managers of
Cove III Community Association

BY: ______________________
David J. Bloomberg

PROOF OF SERVICE

The undersigned, being first duly sworn on oath, deposes and says that a copy of the foregoing was served by enclosing the same in an envelope addressed to the above noted party at the address noted, and deposited same in the U.S. Mail at Chicago, Illinois by regular and certified mail, before 5:30 p.m. on the date noted above, with proper postage.

______________________

cc: Regular Mail

**DEMAND FOR POSSESSION**

TO: Noelia Donamaria f/k/a Noelia Zyskowski
1400 Cornerstone Place
Schaumburg, IL 60193

WE HEREBY DEMAND POSSESSION OF THE PROPERTY LOCATED AT: 3840 Monterey Circle, Algonquin, IL 60102 and $1,340.38 for your proportionate share of the expenses of administration, maintenance, and repair of the common elements and/or any outstanding fines and costs, expenses and attorneys' fees claimed for collection pursuant to the Declaration.

Board of Managers of
Cove III Community Association

BY: David Bloomberg
David J. Bloomberg

CERTIFICATE OF SERVICE

The undersigned, being first duly sworn upon oath, deposes and states that a copy of this DEMAND FOR POSSESSION was served upon the above-named individual at the above address by mailing same, certified postage prepaid, on March 10, 2025.

Sophia Fifer

**EXHIBIT "A"**

ITEMIZATION OF FEES AND COSTS

March 10, 2025

Review of title search and legal description, preparation of lien, letter to recorder, unit owner, managing agent, and Board of Directors..........................................$ 230.00
Open File, Conflicts Check,
Order Property/Bankruptcy Search............$ 180.00
Recorder's Fee..................................$ 88.30

March 10, 2025

Review of title search, contact with manager as to occupant of unit and amount owed, preparation of Demand Notice and service by certified mail, copies to agent and Board of Directors.............................. $190.00
Certified Mail....... $ 9.64

| 3840 Monterey Circle | | | |
|---|---|---|---|
| DATE | LINE ITEM/DETAILS | AMOUNT | BALANCE |
| 1/1/24 | turnover - good faith balance | | $0.00 |
| 1/1/24 | 2024 Q1 dues (1/1-3/31) | $19.50 | $19.50 |
| 2/1/24 | late fee | $25.00 | $44.50 |
| 3/1/24 | 12% interest Feb.24 | $2.34 | $46.84 |
| 4/1/24 | 12% interest March24 | $2.62 | $49.46 |
| 4/1/24 | 2024 Q2 dues (4/1-6/30) | $19.50 | $68.96 |
| 4/10/24 | late fee | $25.00 | $93.96 |
| 5/1/24 | 12% interest April24 | $5.28 | $99.24 |
| 6/1/24 | 12% interest May24 | $5.91 | $105.15 |
| 6/20/24 | postal fees | $8.73 | $113.88 |
| 7/1/24 | 12% interest June24 | $6.62 | $120.50 |
| 7/1/24 | 2024 Q3 dues (7/1-9/30) | $19.50 | $140.00 |
| 7/10/24 | late fee | $25.00 | $165.00 |
| 8/1/24 | 12% interest July24 | $9.75 | $174.75 |
| 9/1/24 | 12% interest Aug.24 | $10.92 | $185.67 |
| 10/1/24 | 12% interest Sept.24 | $12.23 | $197.90 |
| 10/1/24 | 2024 Q4 dues (10/1-12/31) | $19.50 | $217.40 |
| 10/10/24 | late fee | $25.00 | $242.40 |
| 11/1/24 | 12% interest Oct.24 | $16.04 | $258.44 |
| 12/1/24 | 12% interest Nov.24 | $17.97 | $276.41 |
| 1/1/25 | 12% interest Dec.24 | $20.12 | $296.53 |
| 1/1/25 | 2025 Q1 dues (1/1-3/31) | $75.00 | $371.53 |
| 1/10/25 | late fee | $25.00 | $396.53 |
| 2/1/25 | 12% interest Jan.25 | $31.54 | $428.07 |
| 2/3/25 | Jan25 legal statement | $319.64 | $747.71 |
| 3/1/25 | 12% interest Feb 25 | $74.73 | $822.44 |
| | | | |
| | | | |
| | | | |
| | | | |

**EXHIBIT B**

Condominium Collections Department
Phone: 312.201.3449
Fax: 312.368.9470
collections@chuhak.com

CHUHAK
TECSON

March 12, 2025

Noelia Donamaria f/k/a Noelia Zyskowski
1400 Cornerstone Place
Schaumburg, IL 60193

Re: Cove III Community Association
Property Address: 3840 Monterey Circle, Algonquin, IL 60102

Dear Noelia Donamaria f/k/a Noelia Zyskowski :

We represent Cove III Community Association and in accordance with its request, a Lien was recorded on March 12, 2025, against the property, for unpaid assessments owed to the Association. Enclosed for your records is a copy of the recorded Lien. Once the account has been brought current, a Release of Lien will be prepared and sent to you.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED SHALL BE USED FOR THAT PURPOSE.

Sincerely,

David Bloomberg

David J. Bloomberg

DJB/sf
Enclosure

## DEMAND FOR POSSESSION

TO: Noelia Donamaria f/k/a Noelia Zyskowski
1400 Cornerstone Place
Schaumburg, IL 60193

WE HEREBY DEMAND POSSESSION OF THE PROPERTY LOCATED AT: 3840 Monterey Circle, Algonquin, IL 60102 and $1,340.38 for your proportionate share of the expenses of administration, maintenance, and repair of the common elements and/or any outstanding fines and costs, expenses and attorneys' fees claimed for collection pursuant to the Declaration.

Board of Managers of
Cove III Community Association

BY: David Bloomberg
David J. Bloomberg

CERTIFICATE OF SERVICE

The undersigned, being first duly sworn upon oath, deposes and states that a copy of this DEMAND FOR POSSESSION was served upon the above-named individual at the above address by mailing same, certified postage prepaid, on March 10, 2025.

Sophia Fifer

**EXHIBIT "A"**

ITEMIZATION OF FEES AND COSTS

March 10, 2025

Review of title search and legal
description, preparation of lien,
letter to recorder, unit owner,
managing agent, and Board of
Directors..........................................$ 230.00
Open File, Conflicts Check,
Order Property/Bankruptcy Search............$ 180.00
Recorder's Fee.................................$ 88.30

March 10, 2025

Review of title search, contact with manager
as to occupant of unit and amount owed,
preparation of Demand Notice and service
by certified mail, copies to agent and
Board of Directors.............................. $190.00
Certified Mail....... $ 9.64

| | |
|---|---|
| STATE OF ILLINOIS )<br>)SS.<br>COUNTY OF MCHENRY )<br><br>In The Office of the Recorder of Deeds Mchenry County, Illinois<br><br>Cove III Community Association, an Illinois not-for-profit corporation,<br><br>Claimant,<br><br>v.<br><br>Noelia Donamaria f/k/a Noelia Zyskowski, a single person,<br>Defendant(s).<br><br>**PIN: 18-36-377-038**<br><br>**<u>CLAIM FOR LIEN</u> in the amount of $1,340.38 plus costs and attorneys fees.** | JOSEPH J. TIRIO<br>CLERK AND RECORDER<br>MCHENRY COUNTY, IL<br>2025R0005956<br>03/12/2025 08:31:14 AM PAGES: 3<br>RECORDING FEE 12.00<br>RHSPS HOUSING FEE 18.00<br>GIS FEE 43.00<br>AUTOMATION FEE 8.00<br><br>**<u>RESERVED FOR RECORDER'S USE ONLY</u>** |

Cove III Community Association, an Illinois not-for-profit corporation, hereby files a Claim for Lien against Noelia Donamaria f/k/a Noelia Zyskowski of McHenry County, Illinois, and states as follows:

As of the date hereof, the said debtor(s) was/were the owner(s) of the following land, to wit:

**SEE ATTACHED FOR LEGAL DESCRIPTION.**

and commonly known as: 3840 Monterey Circle, Algonquin, IL 60102

That said property is subject to a Declaration of covenants, conditions and restrictions recorded in the office of the Recorder of Deeds of McHenry County, Illinois as Document No. 2013R0055923. Said Declaration provides for the creation of a lien for the assessment and/or charges of the Association and the special assessments together with interest, costs and reasonable attorney's fees necessary for said collection.

That as of the date hereof the assessment due, unpaid and owing to the claimant on account after allowing all credits with interest, costs and attorney's fees the claimant claims a lien on said land in the sum of $1,340.38, which sum will increase with the levy of future assessments, costs and fees of collection, all of which must be satisfied prior to any release of this lien.

Defendant(s) last known address: 1400 Cornerstone Place, Schaumburg, IL 60193

By: ______________________
David J. Bloomberg

Prepared by and return to:
CHUHAK & TECSON, P.C.
David J. Bloomberg
Eliot G. Schencker
120 S. Riverside Plaza, Suite 1700
Chicago, IL 60606
(312) 201-3449
collections@chuhak.com

# LEGAL DESCRIPTION

Parcel 1: Lot 1 (except the southerly 84.84 feet thereof) in the Cove Unit III being a Subdivision of part of the southeast quarter and the southwest quarter of Section 36 Township 43 north, Range 7 East of the Third Principal Meridian, according to the plat thereof recorded October 6, 2004 as Document 2004R0089783, in McHenry County, Illinois.

Parcel 2: A non-exclusive Easement for the benefit of Parcel 1 as created by a Declaration of Covenants, Conditions and Restrictions recorded June 22, 2006 as Document 2006R0045681 and as amended and restated by declaration recorded November 25, 2013 Document 2013R0055922 for the purpose of pedestrian and vehicular ingress and egress to the dwelling units as more fully set forth in said document.

STATE OF ILLINOIS )
) SS.
COUNTY OF MCHENRY )

David J. Bloomberg, being first duly sworn on oath deposes and says he is the attorney for Cove III Community Association, the above named Claimant, that he has read the foregoing Claim for Lien, knows the contents thereof, and that all statements therein contained are true to the best of his knowledge.

JACQUELINE S. NAVARRO
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires Aug 14, 2025

Subscribed and sworn to before me
this 11th of March, 2025.

Notary Public

RETURN TO:

CHUHAK & TECSON, P.C.
David J. Bloomberg
Eliot G. Schencker
120 S. Riverside Plaza, Suite 1700
Chicago, IL 60606
(312) 201-3449
collections@chuhak.com

# NOTICE

DATE: March 10, 2025

TO: Noelia Donamaria f/k/a Noelia Zyskowski
1400 Cornerstone Place
Schaumburg, IL 60193

Certified Article Number
9314 7699 0430 0132 5165 37
SENDER'S RECORD

Dear Noelia Donamaria f/k/a Noelia Zyskowski :

This is your notice that as of the date set forth above, there is due to the Board of Managers of Cove III Community Association the sum of $1,340.38 for your proportionate share of the expenses of administration, maintenance, and repair on the common elements and/or any outstanding fines and the costs, expenses and attorneys' fees claimed under the Declaration and/or rules and regulations for collection as itemized in Exhibit "A" attached hereto for the premises situated in 3840 Monterey Circle, Algonquin, IL 60102, County of McHenry, commonly known as:

3840 Monterey Circle, Algonquin, IL 60102

Federal law gives you 30 days after you receive this notice to dispute the validity of the debt or any part of it. If you do not dispute it within that period, we will assume that it is valid. If you do dispute it - by notifying us in writing to that effect - we will, as required by law, obtain and mail to you proof of the debt. Further, if, within the same period, you request in writing the name and address of your original creditor, if the original creditor is different from the current creditor, we will furnish you with that information too. The law does not require us to wait until the end of the thirty-day period before filing the Forcible Entry and Detainer lawsuit to obtain possession and a monetary judgment for this debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty-day period that begins with your receipt of this demand, the law requires us to suspend our efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you. As provided in your Declaration, all legal fees and costs incurred by the association to collect your debt will be added to your account along with additional assessments after the date of this Notice.

This is your Notice that payment in full of the amount stated above is demanded of you, and that unless payment of the full amount is received on or before the expiration of thirty-one (31) days after the date of this notice and, as explained above, we have mailed any required debt verification information, Cove III Community Association will be entitled to file a lawsuit against you under the Illinois Forcible Entry and Detainer Act, which lawsuit may result in your right to possession of the premises being suspended and entry of a money judgment. You must pay the full amount demanded that you owe and **only a cashier's check, certified check or money order payable to Cove III Community Association, will be accepted.** Your first payment is to be mailed to our office, Chuhak & Tecson, P.C., Attn: Condo Practice Group, 120 S. Riverside Plaza, Suite 1700, Chicago, Illinois 60606, (312) 201-3449. Only full payment of all amounts demanded in this notice will invalidate the demand, unless Cove III Community Association or its agent and attorney, Chuhak & Tecson, P.C., agree in writing to withdraw the demand in exchange for receiving partial payment. Payment to or through any other than Chuhak & Tecson, P.C., or payment of less than the full amount due and owing, is not permitted and will not terminate this action or the suit to terminate your possession of the unit identified above.

**THIS NOTICE TO YOU IS AN ATTEMPT TO COLLECT A DEBT UNDER THE FAIR DEBT COLLECTION PRACTICES ACT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Board of Managers of
Cove III Community Association

BY: ______________________
David J. Bloomberg

PROOF OF SERVICE

The undersigned, being first duly sworn on oath, deposes and says that a copy of the foregoing was served by enclosing the same in an envelope addressed to the above noted party at the address noted, and deposited same in the U.S. Mail at Chicago, Illinois by regular and certified mail, before 5:30 p.m. on the date noted above, with proper postage.

______________________

cc: Regular Mail

| 3840 Monterey Circle | | | |
|---|---|---|---|
| DATE | LINE ITEM/DETAILS | AMOUNT | BALANCE |
| 1/1/24 | turnover - good faith balance | | $0.00 |
| 1/1/24 | 2024 Q1 dues (1/1-3/31) | $19.50 | $19.50 |
| 2/1/24 | late fee | $25.00 | $44.50 |
| 3/1/24 | 12% interest Feb.24 | $2.34 | $46.84 |
| 4/1/24 | 12% interest March24 | $2.62 | $49.46 |
| 4/1/24 | 2024 Q2 dues (4/1-6/30) | $19.50 | $68.96 |
| 4/10/24 | late fee | $25.00 | $93.96 |
| 5/1/24 | 12% interest April24 | $5.28 | $99.24 |
| 6/1/24 | 12% interest May24 | $5.91 | $105.15 |
| 6/20/24 | postal fees | $8.73 | $113.88 |
| 7/1/24 | 12% interest June24 | $6.62 | $120.50 |
| 7/1/24 | 2024 Q3 dues (7/1-9/30) | $19.50 | $140.00 |
| 7/10/24 | late fee | $25.00 | $165.00 |
| 8/1/24 | 12% interest July24 | $9.75 | $174.75 |
| 9/1/24 | 12% interest Aug.24 | $10.92 | $185.67 |
| 10/1/24 | 12% interest Sept.24 | $12.23 | $197.90 |
| 10/1/24 | 2024 Q4 dues (10/1-12/31) | $19.50 | $217.40 |
| 10/10/24 | late fee | $25.00 | $242.40 |
| 11/1/24 | 12% interest Oct.24 | $16.04 | $258.44 |
| 12/1/24 | 12% interest Nov.24 | $17.97 | $276.41 |
| 1/1/25 | 12% interest Dec.24 | $20.12 | $296.53 |
| 1/1/25 | 2025 Q1 dues (1/1-3/31) | $75.00 | $371.53 |
| 1/10/25 | late fee | $25.00 | $396.53 |
| 2/1/25 | 12% interest Jan.25 | $31.54 | $428.07 |
| 2/3/25 | Jan25 legal statement | $319.64 | $747.71 |
| 3/1/25 | 12% interest Feb 25 | $74.73 | $822.44 |
| | | | |
| | | | |
| | | | |
| | | | |